IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT CHARLES CURTIS,

       Plaintiff,

   v.

STATE OF OREGON; and
UNITED STATES OF AMERICA,

      Defendants.

Civil No. 3:12-cv-02369-BR

OPINION AND ORDER

   ROBERT CHARLES CURTIS
   P.O. Box 4261
   Portland, OR 97208

      Plaintiff *Pro Se*

   ELLEN F. ROSENBLUM
   Attorney General
   STEPHANIE M. PARENT
   Assistant Attorney General
   Oregon Department of Justice
   Special Litigation Unit
   1515 SW Fifth Avenue, Suite 410
   Portland, OR 97201

      Attorneys for Defendant State of Oregon

1 - OPINION AND ORDER -

S. AMANDA MARSHALL
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR  97204

    Attorneys for Defendant United States

BROWN, Judge.

    Plaintiff brings this civil action *pro se*.  Currently before the Court are Defendant State of Oregon's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (#16) and Defendant United States' Motion to Dismiss and Request to Stay Summary Judgment Proceedings (#18).  The Court heard oral argument on April 25, 2013.  For the reasons that follow, the Court GRANTS the two motions to dismiss.

## BACKGROUND

    On November 19, 2012, Plaintiff filed his "Civil Rights Complaint" in Marion County Circuit Court.  On December 31, 2012, Defendant United States removed the case to this Court.[1]

    The first 30 pages of Plaintiff's Complaint contain a largely incomprehensible discussion of various law and constitutional provisions, as well as a narrative of events dating back to 1988 involving Plaintiff's mining activities and court actions. Plaintiff's Complaint then alleges ten "counts."

---

[1]This Court denied Plaintiff's three motions to remand the case back to Marion County Circuit Court by Order (#36) filed on _ May 21, 2013.

  2 - OPINION AND ORDER -

The first six counts are directed to Defendant United States. Count One alleges "First Attempted Murder." Plaintiff alleges that in 1998 the United States Ambassador and a Department of State employee conspired with Canadian officials to order Plaintiff's murder by Canadian officers.

In Count Two, Plaintiff alleges the United States Bureau of Land Management ("BLM") ordered the "winterization of the Cleghorn Contract Project" in September 2000 without providing due process in order to "destroy" the "Life, Liberty, and Property" of Plaintiff, an alleged "Bomber Terrorist."

Count Three alleges BLM officials committed abuse of process by denying Plaintiff's administrative claims in September 2000 and November 2007.

Count Four alleges a BLM officer committed perjury when he lied to a grand jury and then to a jury at Plaintiff's criminal trial by stating Plaintiff was a flight risk. Plaintiff also alleges Magistrate Judge John Jelderks of this Court abetted the BLM officer in keeping Plaintiff incarcerated, which allowed Canadian officials to steal $23 billion in diamonds and gold.

In Count Five, Plaintiff again alleges "attempted murder," this time in September 2004. Plaintiff alleges a Homeland Security Officer and an "Unknown Bugeye Person" attempted to murder Plaintiff in connection with Plaintiff's guns being confiscated.

3 - OPINION AND ORDER -

In Count Six, Plaintiff alleges District Judge Owen Panner of this Court violated Plaintiff's First Amendment rights and committed abuse of process by intentionally obstructing Plaintiff's ability to prosecute his myriad complaints in federal court.

Count Seven is directed toward "Clackamas County," which is not a party to this action.  Plaintiff alleges in April 2007, Clackamas County Sheriff's officers committed "abuse of process" by trying to murder Plaintiff after they approached his vehicle and conducted a "trumped up felony stop."

Counts Eight and Nine are directed to Defendant State of Oregon.  In Count Eight, Plaintiff alleges the State of Oregon committed "abuse of process" by violating Plaintiff's Eighth and Fourteenth Amendment rights by enforcing Chapter 809 of the Oregon Revised Statutes related to the impoundment of vehicles.  As discussed below, this claim relates to Plaintiff's unsuccessful appeal of a Driving While Suspended conviction in state court.

In Count Nine, Plaintiff alleges a fourth "attempted murder." He alleges in 2011, the Oregon Attorney General and Marion County authorized four police officers to use deadly force to arrest Plaintiff without a warrant or probable cause.

Finally, in Count Ten Plaintiff alleges both the United States and the State of Oregon engaged in "reverse prejudice" in favoring Native American tribes over Plaintiff and every other

4 - OPINION AND ORDER -

non-native citizen by giving the tribes special status as "nations," thereby making them "above the law." Plaintiff does not allege he suffered any injury as a result of the alleged "reverse prejudice."

By way of remedy, Plaintiff seeks dismissal of state and federal civil complaints against him, an immediate trial on his "$5 billion claim against the United States," and an Order returning all assets and monies stolen from Plaintiff. Plaintiff also seeks appointment of counsel.

## DISCUSSION

### I.    Civil Rights Claims

As a preliminary matter, the Court notes Plaintiff alleges violation of his rights under the United States Constitution and federal and state laws, as well as several tort claims.

To the extent Plaintiff's Complaint is construed as an attempt to allege civil rights claims against the United States under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the Complaint must be dismissed because the *Bivens* remedy exists against individual officials, not against the United States. *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988).

To the extent Plaintiff attempts to allege civil rights claims against Defendant State of Oregon under 42 U.S.C. § 1983,

the Complaint must be dismissed because the claims as alleged are barred by the State's sovereign immunity. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (absent clear and unequivocal waiver, Eleventh Amendment bars suit in federal court against state agency).

Accordingly, the Court DISMISSES with prejudice all claims alleged in Plaintiff's Complaint which may be construed as brought pursuant to either *Bivens* or 42 U.S.C. § 1983.

The remainder of this Opinion and Order, therefore, addresses Plaintiff's tort claims.

## II.  Defendant United States' Motion to Dismiss

Defendant United States moves to dismiss the first six counts of Plaintiff's Complaint pursuant to the doctrine of claim preclusion, because they are not timely, and because Plaintiff fails to state a claim upon which relief may be granted under the Federal Tort Claims Act ("FTCA").

### A.    Preclusion

After "an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440 U.S. 147, 153 (1979).

The Supreme Court discussed the concept of preclusion at
length in *Taylor v. Sturgell*, 553 U.S. 880 (2008).  In *Taylor*,
Justice Ginsburg provides significant clarity to this area of
federal common law.  Justice Ginsburg noted the often confusing
lexicon for preclusion and disfavored terms such as collateral
estoppel, direct estoppel, merger, bar, and privity.  *Id.* at
892-94.  The Court defined claim and issue preclusion and their
purposes as follows:

> The preclusive effect of a judgment is defined by claim
> preclusion and issue preclusion, which are collectively
> referred to as "res judicata."  Under the doctrine of
> claim   preclusion,   a   final   judgment   forecloses
> "successive litigation of the very same claim, whether
> or not relitigation of the claim raises the same issues
> as the earlier suit." *New Hampshire v. Maine*, 532 U.S.
> 742, 748 (2001).  Issue preclusion, in contrast, bars
> "successive litigation of an issue of fact or law
> actually litigated and resolved in a valid court
> determination essential to the prior judgment," even if
> the issue recurs in the context of a different claim.
> *Id.* at 748-749.  By "preclud[ing] parties from
> contesting matters that they have had a full and fair
> opportunity to litigate," these two doctrines protect
> against "the expense and vexation attending multiple
> lawsuits, conserv[e] judicial resources, and foste[r]
> reliance on judicial action by minimizing the
> possibility of inconsistent decisions." *Montana v.
> United States*, 440 U.S. 147, 153-154 (1979).

*Id.* at 892.

Defendant United States argues all of the events in Counts
One through Six have been previously litigated and dismissed both
in the District of Oregon, where Plaintiff has been a party to 21
separate actions, and the Northern District of California, where

Plaintiff was a party in seven actions. The majority of those cases were summarily dismissed *sua sponte* for lack of jurisdiction or failure to state a claim.

Defendant United States describes at some length Plaintiff's myriad former cases and their outcomes in the Memorandum in Support of Motion to Dismiss and exhibits attached thereto, a description the Court will not reiterate here. At oral argument, the Court directly asked Plaintiff whether the claims alleged in this action were based upon the same underlying facts on which the claims in his prior actions were based. Plaintiff responded in the affirmative, "Yes, it comes from the same events."

Accordingly, Plaintiff is precluded from re-litigating his claims, and Defendant United States' Motion to Dismiss must be granted.

### B.   Statute of Limitations

A claim under the Federal Tort Claims Act must be filed administratively with the appropriate federal agency within two years of its accrual, and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). "Timely compliance with § 2401(b) is a jurisdictional prerequisite to maintenance of a FTCA suit." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

Plaintiff's claims against the United States in Counts One through Six range in date from 1998 through 2007. Plaintiff

8 - OPINION AND ORDER -

alleges the BLM denied an administrative claim in 2002, and denied an amended administrative claim in 2007.  Accordingly, any action based upon the denial of these two claims is time-barred.

## III. Defendant State of Oregon's Motion to Dismiss

Defendant State of Oregon argues the claims alleged in Counts Eight and Nine should be dismissed because Plaintiff failed to satisfy the pleading requirements of the Oregon Tort Claims Act ("OTCA"), and because Plaintiff otherwise fails to state claims upon which relief may be granted.[2]  At oral argument, Defendant State of Oregon also argued the claim alleged in Count Eight is subject to preclusion.

### A.    Oregon Tort Claims Act

The OTCA mandates that no action shall be maintained unless the required written notice of claim is given within 180 days of the acts giving rise to the claims.  Or. Rev. Stat. § 30.275(1) and (2)(b).  Pleading and proof of notice sufficient to satisfy the requirements of § 30.275 are a mandatory requirement under the OTCA.  *Brinkley v. Oregon Health Sciences University*, 94 Or. App. 531, 537, 766 P.2d 1045, 1049 (1988). Plaintiff had to plead that he gave a notice of claim as required by § 30.275.  *Id.*  Because

---

[2]Defendant State of Oregon also argues the state is not a "person" for the purposes of 42 U.S.C. § 1983.  Because the Court addressed the matter of the State of Oregon's sovereign immunity from civil rights claims above, the Court does not find it necessary to address this argument in the context of the State's OTCA arguments.

Plaintiff failed to do so, his claims based upon the OTCA must be dismissed for failure to state a claim upon which relief may be granted.

### B.   Count Eight - Preclusion

At oral argument, Plaintiff stated the claim against Defendant State of Oregon alleged in Count Eight was based upon the fact that his driver's license was suspended and he was convicted of driving with a suspended license despite the fact that although no court actually ordered the suspension, the suspension was based upon an administrative determination. Plaintiff acknowledged, however, that the Oregon Court of Appeals denied his appeal from his conviction which was based upon the same argument.  Accordingly, Plaintiff is precluded from re-litigating this argument in this Court.

### C.   Failure to State a Claim

In Count Nine, Plaintiff alleges four police officers arrested Plaintiff at gunpoint without showing any legal form of identification and without possessing a written copy of an arrest warrant or indictment. He alleges the officers therefore intended to murder him.

To survive a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give

10 - OPINION AND ORDER -

no weight to "legal conclusions" dressed up as facts.    *Id.*
Furthermore, the complaint must do more than state facts that are
"merely consistent with a defendant's liability."    *Id.* (internal
quotation marks omitted).  The alleged facts must push the claim
over "the line between possibility and plausibility."  *Id.* at 680-
82.

    In Count Nine, Plaintiff alleges no facts to support the
allegation of intent to murder him.  Instead, he simply asserts
that because his arrest allegedly occurred under the circumstances
described, an intent to murder him must have been present.  This
is not sufficient to state a claim upon which relief may be
granted.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th
Cir. 2009) ("bald allegation of impermissible motive . . .
standing alone, is conclusory and is therefore not entitled to an
assumption of truth").

## IV.  Count Seven

    In Count Seven, Plaintiff alleges Clackamas County Sheriff's
deputies committed "abuse of process" by attempting to murder him
in the course of an arrest.  To the extent Plaintiff is attempting
to allege a claim against the Clackamas County Sheriff, he failed
to name Clackamas County or the Sheriff as a Defendant.  To the
extent Count Seven may be construed as an attempt to state a claim
against Defendant State of Oregon, the claim fails for the reasons
discussed above.

    11 - OPINION AND ORDER -

## V.    Count Ten

Finally, Plaintiff alleges in Count Ten that both the United States and the State of Oregon committed "reverse prejudice" by recognizing Native American tribes and granting them special status.   Plaintiff does not, however, allege he suffered any direct injury as a result.  Accordingly, Plaintiff lacks standing to assert this claim.  *See Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (to establish Article III standing, a plaintiff must show that:  "(1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision").

**CONCLUSION**

For these reasons, the Court GRANTS Defendant United States' Motion to Dismiss [18] and Defendant State of Oregon's Motion to Dismiss [16], and hereby DISMISSES Plaintiff's Complaint.  Because it is apparent the deficiencies of Plaintiff's Complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE.

IT IS FURTHER ORDERED that all other pending motions are DENIED.

IT IS SO ORDERED.

DATED this _____ day of July, 2013.

_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER -